# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>          Plaintiff,<br><br>   v.<br><br>GUZMAN,<br><br>          Defendant.<br>_____/ | 1:12-cv-01241-AWI-SMS (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

### I.    SCREENING ORDER

     Plaintiff, Isabel Tubach ("Plaintiff"), is a state prisoner who is currently proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On July 20, 2012, Plaintiff filed the Complaint which is before the Court for screening.  (Doc. 1.)

     **A.**    **Screening Requirement**

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1915(e)(2)(B)(ii).

**B.     Summary of Plaintiff's First Amended Complaint**

Plaintiff complains of acts that occurred at Central California Women's Facility -- where she currently resides.  Plaintiff names Correctional Officer M. Guzman as the only defendant in this action. (Doc. 1, Compl., pp. 1-3.)  Plaintiff seeks injunctive relief.  (Id., at pg. 3.)

Plaintiff alleges that she is "being murdered by Defendant M. Guzman."  (Id.)  Generally, she alleges that Defendant Guzman is attempting to murder her by sending various individuals (both correctional staff and other inmates) to engage in harassing acts against her.  Such acts allegedly include, but are not limited to rape, sodomy, abuse, and placing toxins in Plaintiff's bodily orifices.  Plaintiff alleges that Defendant Guzman's acts have caused her to have ten heart attacks and three strokes.  This is the best distillation of Plaintiff's allegations that the Court is able to make from her rambling, disjointed, and at times incoherent writings in the Complaint.

As discussed below, Plaintiff may be able to amend to correct the deficiencies in her pleading to state cognizable claims.  Thus, Plaintiff is given the standards which appear applicable based on her allegations[1] and leave to file a first amended complaint.

**C.     Pleading Requirements**

**1. Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights

---

[1] Plaintiff does not state which of her constitutional rights she feels were violated by any of the allegations in the Complaint.  If the claims Plaintiff intended to pursue are not addressed, she has no one but herself to blame.

complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) *quoting* Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678, *quoting* Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusion are not. Iqbal. at 678; *see also* Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009); Twombly, 550 U.S. at 556-557. While "plaintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). However, courts are not required to indulge unwarranted inferences. Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If she chooses to file a first amended complaint, Plaintiff should endeavor to make it as concise as possible. She should merely state which of her constitutional rights she feels were violated by each named defendant and its factual basis.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See* Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

While Plaintiff identifies Defendant Guzman as the only named defendant in this action, she references a number of other correctional staff throughout the Complaint. Plaintiff must clarify which individuals she feels are responsible for each violation of her constitutional rights, the factual basis for her claims, and must specify which individual(s) she mentions as a defendant and which individual(s) she mentions solely for background purposes as her Complaint must put each individual named as a defendant on notice of Plaintiff's claims against him or her. *See* Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 3. Federal Rule of Civil Procedure 18(a)

Fed.R.Civ.P. 18(a) states that "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

4

Plaintiff is advised that claims are not related simply because she alleges the same type of constitutional violation(s) (i.e. retaliation) against multiple defendants. Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event. Plaintiff is advised that if she chooses to file a first amended complaint and fails to comply with Rule 18(a) all unrelated claims will be stricken.

### 4. Duplicity of Claims

"Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) *quoting* Walton v. Eaton Corp., 563 F.2d 66, 70 (3rd Cir. 1997); *ref* Curtis v. Citibank, N.A., 226 F.3d 133, 138–39 (2nd Cir. NY 2000); Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223–24 (7th Cir.1993); Oliney v. Gardner, 771 F.2d 856, 859 (5th Cir.1985); Zerilli v. Evening News Ass'n, 628 F.2d 217, 222 (D.C.Cir.1980); Sutcliffe Storage & Warehouse Co. v. United States, 162 F.2d 849, 851 (1st Cir.1947). It is noted that Plaintiff has thirty actions pending in either the Fresno or Sacramento Divisions of this court.[2] It is further noted that Defendant Guzman is named as a defendant in almost all of Plaintiff's pending actions; that she has alleged similar, if not identical, claims against him in each action that she has named him in; and that she fails to allege specific dates of incident in the vast majority of her actions – including the case at bar.

Thus, if Plaintiff chooses to file an amended complaint to attempt to proceed against Defendant Guzman in this action, she should be specific enough in her allegations for the Court

---

[2] Judicial notice is taken that Plaintiff has a total of thirty actions currently pending both in the Fresno and Sacramento Divisions of the Eastern District of California. United States v. 14.02 Acres of Land More or Less in Fresno County, 547 F.3d 943, 955 (9th Cir. 2008); United States v. Howard, 381 F.3d 873, 876, n.1 (9th Cir. 2004). Those actions are the subject of the cases numbered as follows: 1:11-cv-02117-SMS(PC); 1:12-cv-00360-AWI-SMS(PC); 1:12-cv-00451-SMS(PC); 1:12-cv-00635-SMS(PC); 1:12-cv-00649-SMS(PC); 1:12-cv-00872-AWI-SMS(PC); 1:12-cv-01110-SMS(PC); 1:12-cv-01111-SMS(PC); 1:12-cv-01241-AWI-SMS(PC); 1:12-cv-01276-AWI-SMS(PC); 1:12-cv-01369-SMS(PC); 1:12-cv-01373-SMS(PC); 1:12-cv-01389-SMS(PC); 1:12-cv-01573-SMS(PC); 1:12-cv-01574-SMS(PC); 1:12-cv-01696-AWI-SMS(PC); 1:12-cv-01768-AWI-SMS(PC); 1:12-cv-01798-AWI-SMS(PC); 1:12-cv-01878-AWI-SMS(PC); 1:12-cv-01879-AWI-SMS(PC); 1:12-cv-02023-AWI-SMS(PC); 1:13-cv-00020-AWI-SMS(PC); 1:13-cv-00068-AWI-SMS(PC); 1:13-cv-00089-AWI-SMS(PC); 1:13-cv-00200-AWI-SMS(PC); 1:13-cv-00201-AWI-SMS(PC); 2:12-cv-02942-AC(PC); 2:13-cv-00198-WBS-CKD(PC); 2:13-cv-00376-DAD(PC); and 2:11-cv-03385-EFB(PC).

and any opposing party to differentiate her allegations against Defendant Guzman in this action from the others that she has pending. ***Plaintiff is also directed to include specific dates of injury as to each instant she feels any named defendant violated her constitutional rights.*** This is necessary both to address serious questions of duplicity and for statutes of limitations purposes.

### D.     Claims for Relief

#### 1. Eighth Amendment – Cruel & Unusual Punishment

Plaintiff appears to allege that Defendant Guzman is subjecting her to cruel and unusual punishment in violation of the Eight Amendment.

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (*citing* Helling v. McKinney, 509 U.S. 25, 31 (1993)).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  Farmer, 511 U.S. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982).  To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer, at 834.  Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.' " Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Plaintiff alleges that, at Defendant Guzman's direction, she has been repeatedly raped, sodomized, and had others "put" toxins on or in her.  While Plaintiff's accusations involve serious offenses, they are without factual detail and amount to nothing more than sweeping, conclusory allegations that do not suffice to state a cognizable claim. *See* Iqbal, 556 U.S. at 678.  Further, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief." ' " Id. (*quoting* Twombly, 550 U.S. at 557).

Plaintiff's allegations against Defendant Guzman are not facially plausible as they are not supported by specific facts to rise above mere possibility to plausibility.

#### 2. Supervisory Liability

While Plaintiff names Defendant Guzman as the only defendant in this action, she

6

mentions various supervisory correctional staff in her allegations.  Thus, the below is applicable as to any claims that Plaintiff intended to state against correctional staff merely because they hold a supervisorial position.

      Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that a supervisory defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior.  Iqbal, 555 U.S. at 677.  "In a §1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer."  Id.  Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct.  Id.

      "'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth."  Moss, 572 F.3d at 969 (*quoting* Iqbal, 555 U.S. at 681 (*quoting* Twombly, 550 U.S. at 555)).  "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion -- even if that conclusion is cast in the form of a factual allegation."  Id.

/ / /

**3. Conspiracy**

It appears that Plaintiff intends to allege that Defendant Guzman engaged in a conspiracy with other prison staff and inmates to torment her.

A claim brought for violation of section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (*citation omitted*). A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim. Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th Cir. 2001) (*quotations and citation omitted*). A claim for violation of section 1985(3) requires the existence of a conspiracy and an act in furtherance of the conspiracy. Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (*citation omitted*). A mere allegation of conspiracy is insufficient to state a claim. Id. at 676-77.

Any conspiracy claim that Plaintiff might have intended to allege is not cognizable as she does little other than state that Defendant Guzman "sent" others to harass her which is conclusory at best. *See* Iqbal, 555 U.S. at 678. Further, Plaintiff does not show any racial or class-based invidiously discriminatory animus on the part of any of the actors in her allegations.

**II. CONCLUSION**

For the reasons set forth above, Plaintiff's Complaint is dismissed with leave to file a first amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff must file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of her constitutional rights. *See* Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved and must give dates for each incident alleged. There can be

8

no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly 550 U.S. 544, 555 (2007) *quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 127, 555 (2007) (citations omitted). Plaintiff is further advised that an amended complaint supercedes the original, Lacey v. Maricopa County, 693 F.3d 896, 907 fn.1 (9th Cir. 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in her first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order; and

///
///
///
//

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

**Dated:   March 6, 2013**               /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE