# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>         Plaintiff,<br><br>    v.<br><br>GUZMAN,<br><br>         Defendant.<br>_____ / | CASE NO. 1:12-cv-01241-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED FOR LACK OF JURISDICTION<br><br>(Docs. 3, 6, 9, 11)<br><br>FIFTEEN - DAY OBJECTION DEADLINE |

Plaintiff, Isabel Tubach ("Plaintiff"), is a state prisoner who is currently proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint on July 20, 2012. (Doc. 1.) By separate order, Plaintiff's Complaint was dismissed with leave to amend for failure to state a cognizable claim for violation of her federal rights.

Plaintiff has filed four motions for temporary restraining orders that are currently before the Court: (1) on July 20, 2012, Plaintiff filed a motion seeking a temporary restraining order against Defendant M. Guzman (Doc. 3, 1st TRO, pp. 2-3, 7); (2) on August 16, 2012, Plaintiff filed a motion requesting "a T.R.O." (Doc. 6, 2nd TRO, pg. 1); (3) on October 15, 2012, Plaintiff filed a motion requesting "a T.R.O. against Defendant M. Guzman" (Doc. 9, 3rd TRO, pg. 1); and (4) on January 9, 2013, Plaintiff filed a motion requesting "a temporary order to restraining the Defendant, C/O M. Guzman" (Doc. 11, 4th TRO, pg. 1).

/ / /

1    Federal courts are courts of limited jurisdiction and in considering a request for
2  preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter,
3  it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102
4  (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,
5  454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it
6  has no power to hear the matter in question.  Id.  The case or controversy requirement cannot be
7  met in light of the fact that Plaintiff's Complaint has been dismissed for failure to state a
8  cognizable claim for violation of any of her Federal rights.
9    Further, even if Plaintiff had stated a claim such that jurisdiction wasn't a bar, 18 U.S.C.
10 § 3626(a)(1)(A) provides in relevant part:

> [p]rospective relief in any civil action with respect to prison conditions shall
> extend no further than necessary to correct the violation of the Federal right of
> a particular plaintiff or plaintiffs.  The court shall not grant or approve any
> prospective relief unless the court finds that such relief is narrowly drawn,
> extends no further than necessary to correct the violation of the Federal right,
> and is the least intrusive means necessary to correct the violation of the
> Federal right.

15   All of Plaintiff's motions ramble regarding many of the same situations complained of in
16 her pleading.  None of Plaintiff's motions delineate specifically what relief she seeks other than
17 that she wants a "T.R.O. against" Defendant Guzman.  Such generalities are simply not narrowly
18 drawn to satisfy the requirements for issuing temporary restraining orders.
19   Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motions for temporary
20 restraining orders be denied.[1]
21   These Findings and Recommendations will be submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
23 **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiff may file
24 written objections with the Court.  The document should be captioned "Objections to Magistrate
25 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

---

[1] Plaintiff's motions also fail to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction.  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20-4, 129 S.Ct. 365, 376 (2008).  However, it is unnecessary to reach the merits of Plaintiff's motions in light of the fact that the jurisdictional issue is fatal to her requests for relief.  Summers, 555 U.S. at 493, 129 S.Ct. at 1149; Mayfield, 599 F.3d at 969.

within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    March 6, 2013**                           <u>       /s/ Sandra M. Snyder       </u>
                                                          UNITED STATES MAGISTRATE JUDGE